# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:01-CR-476 CAS |
| v. ) | |
| ) | |
| ) | |
| LEROY LARON EASON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant Leroy Laron Eason's motion to compel the government to file a motion pursuant to 18 U.S.C. § 3553(e) or Federal Rule of Criminal Procedure 35(b).[1]  The government opposes the motion. For the following reasons, defendant's motion will be denied.

In his motion, defendant seeks to compel the government to file a motion for a reduction in his sentence pursuant to Rule 35(b) or 18 U.S.C. § 3553(e) based on activities that occurred during his incarceration. Specifically, defendant participated along with three or four other inmates in subduing an inmate who had attacked a staff employee with a razor blade at the federal prison facility in Greenville, Illinois. The government responds that these events occurring in prison are not appropriate grounds for either a § 3553(e) motion or a Rule 35(b) motion.

Federal Rule of Criminal Procedure 35(b) allows the government to seek a reduction in a defendant's sentence "if the defendant, after sentencing, provided substantial assistance in

---

[1]Defendant has also filed an "omnibus motion for leave to amend/supplement with supporting citation." [Doc. 558]. This motion will be granted, and the information contained in the supplement will be reviewed by the Court instanter.

investigating or prosecuting another person." The government states that it will not seek a reduction in defendant's sentence because the assistance provided by defendant in saving the life of the prison employee did not involve the investigation or prosecution of another person. In his reply brief, defendant takes issue with this statement and asserts that the government has overlooked his "eye-witness account of the entire act of violence for which the government (a) investigated, (b) prosecuted, and (c) convicted Mario Holmes , [the assailant], resulting in a sentence of 46 months imprisonment."

Title 18 U.S.C. § 3553(e) allows a district court to impose a sentence below the statutory mandatory minimum upon a motion by the government. Such a motion must be based on "a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." The government opposes filing such a motion, stating that defendant has already been sentenced. Furthermore, he did not provide substantial assistance in the investigation or prosecution of another person who has committed an offense.

"[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." United States v. Romsey, 975 F.2d 556, 557 (8th Cir. 1992). For example, a defendant would be entitled to relief if the government refused to file such a motion because of defendant's race or religion. Id. "[A] prosecutor's discretionary decision may be challenged only if the defendant makes a 'substantial threshold showing' of prosecutorial discrimination or irrational conduct . . . . A claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Id. (quoting United States v. Wade, 504 U.S. 181, 186 (1992)).

The Court finds that defendant has not made a substantial showing of prosecutorial discrimination or irrational conduct. Nor does the Court find that the government's refusal to file a Rule 35(b) or § 3553(e) motion was based on any unconstitutional motive. Defendant's conduct in subduing inmate Holmes during his attack on a prison guard, while admirable, did not necessarily assist the government in the investigation or prosecution of another person. Mario Holmes was indicted and pled guilty to assaulting the prison guard. Defendant states merely that he "provided an eye-witness account" of the assault, and concludes from this that he assisted the government because inmate Holmes "knew that the government would use Eason's eye witness account if he went to trial." At least three other inmates assisted in controlling Mr. Holmes, and presumably could provide eye witness accounts. The government cannot be compelled to file Rule 35(b) motions for any inmate that witnesses a crime and provides a statement. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy . . . ." Romsey, 975 F.2d at 558.

Additionally, defendant attempts to display bad faith, irrationality, and unconstitutional motive of the government by quoting the transcript of another assisting inmate's proceedings in the Southern District of Illinois. These proceedings, and the testimony therein, are irrelevant to the motive of the government in this case. The Court does not find that the government is refusing to file a motion pursuant to 18 U.S.C. § 3553(e) or Federal Rule of Criminal Procedure 35(b) based on bad faith, irrationality, or an unconstitutional motive.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's "omnibus motion for leave to amend/supplement with supporting citation to authority" is **GRANTED**. [Doc. 558]

**IT IS FURTHER ORDERED** that defendant's motion to compel the filing of a motion pursuant to 18 U.S.C. § 3553(e) or Federal Rule of Criminal Procedure 35(b) is **DENIED**. [Doc. 547]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of January, 2010.